Singleton, Judge:
This claim was filed before the Attorney General of West Virginia on November 13, 1962. Claimant alleges in his Petition *26 that he was the successful bidder and was awarded a water well drilling contract by the State Road Commission of West Virginia to drill a water well in a roadside park on United States Route No. 33, six miles east of Buckhannon, West Virginia. Although the claimant’s bid as submitted by him and as evidenced in the record was for Two Dollars ($2.00) per foot for drilling and Two Dollars ($2.00) per foot for casing the well. The advance approval purchase order (not issued until August 24, 1962) provided that the amount to be paid for the well drilling was not to exceed the sum of One Thousand Two Hundred Dollars ($1,200.00).
Claimant commenced on this project on September 20, 1961, and by September 29, 1961, had drilled the well to a depth of 131 feet and had run 111 feet of six inch galvanized pipe into the well. At this point a stream of hard and unpalatable water was encountered, and under the direction of the State Road County Supervisor of Upshur County and Mr. Mendel, State Supervisor of Roadside Parks Development, claimant undertook to pull the pipe so that the well could be drilled deeper and the hard unpalatable water stream blocked. Difficulties were incurred and the claimant moved to another job for which he had previously contracted not connected with the State Road Commission.
In November of 1961 claimant was requested to resume work in the well in question and between November 27 and December 16, 1966, claimant worked an additional thirteen days at the well site on instructions of the State Road Commission representatives attempting to remove the casing by “jarring”, running new four inch casing into the well, reaming the hole out deeper trying mudding and cementing operations to stop the flow of unpalatable water, and pulling and replacing the four inch pipe which was down three or four times. The well had now been drilled to a depth of 171 feet, on instructions of the State Road Commission. He then ceased operations and subsequently submitted his invoice to the State Road Commission for One Thousand Eight Hundred Forty Dollars and Sixteen Cents ($1,840.16), which itemized invoice is a part of the record in this proceeding. The State Road Commission, on an appropriate requisition, submitted this invoice for payment to the Budget Division but it was refused by the Budget Divi *27 sion inasmuch as the total invoice was in excess of the original One Thousand Two Hundred Dollars ($1,200.00) authorized for this project. The State Road Commission re-submitted an invoice in the amount of One Thousand Two Hundred Dollars ($1,200.00) and this amount was paid to Mr. Warner, which amount he received conditionally with the express understanding that he would pursue his claim for the Six Hundred Forty Dollars and Sixteen Cents ($640.16) for his additional work and labor performed and materials furnished on this project.
As before stated his claim was then filed before the Attorney General and the matter set down for hearing by Philip J. Graziani, Assistant Attorney General, then Claims Examiner. It does not appear from the record, but the Court is advised that no hearing was held for the actual introduction of evidence and that the facts set forth in Mr. Warner’s petition were agreed to as correct by the State Road Commission.
Under the procedure then in effect for the processing of claims against the State, the Attorney General’s Office recommended to the Legislature that the claim of Mr. Roy L. Warner in the amount of Six Hundred Forty Dollars and Sixteen Cents ($640.16) be paid; this recommendation being made to the 1963 Session of the West Virginia Legislature. Mr. Warner’s claim in this amount was included in a claims bill to be considered by the Legislature but that Legislature failed to pass any claims bill.
The file and record in this claim does not disclose any further action in regard to this claim and the file in this matter was turned over to this Court by the Office of the Attorney General after this Court was created July 1, 1967. By letter dated December 13,1967, James C. West, Jr., attorney for the claimant moved this Court to consider this claim as one pending before the Attorney General at the time of the creation of the Court and that this Court review the file and record and render a decision in this matter.
After considering the file and record in this-claim, this Court is of the opinion that this claim was pending before the Attorney General at the time of the creation of this Court and is, therefore, a proper claim to be considered by this Court. Upon *28 further consideration of all of the records and the exhibits and documents filed with this claim, and the letters of the Attorney General in this file, and further considering the recommendation of the Attorney General that this claim be paid, and the further fact that the State Road Commission originally submitted Mr. Warner’s bill for payment of the full amount of Eighteen Hundred Forty Dollars and Sixteen Cents ($1,840.18) this Court is of the opinion that this claim is a just and proper one that the State of West Virginia in equity and good conscience should pay; and it is therefore our judgment that the claimant, Roy L. Warner, should recover, and we do hereby award the claimant the sum of $640.16.
W. Lyle Jones, Judge, did not participate in the consideration of this claim.